# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50322
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Reginald Dwayne Watson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-198-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Reginald Watson, federal prisoner #17968-280, appeals the sentence imposed following revocation of his supervised release. Watson maintains that the 60-month concurrent sentences show a clear error of judgment in balancing the sentencing factors.

The record reflects that the district court's justification for imposing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the above-guidelines revocation sentence was reasoned, fact-specific, and consistent with the 18 U.S.C. § 3553(a) factors. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013). The court undertook an individualized assessment of the facts and concluded that concurrent 60-month terms were proper to satisfy the aims of § 3553(a). There is no indication that the court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the factors. *See Warren*, 720 F.3d at 332.

Watson's theory that the sentence does not demonstrate an accurate evaluation or application of the factors reflects nothing more than his dis-agreement with the district court's weighing of the factors. His displeasure with the weight given to particular factors does not justify reversal. *See id.* That we could reasonably have held that a different sentence was proper does not render the sentence unreasonable. *Id.* The record otherwise reflects that the decision to impose 60-month concurrent sentences was not an abuse of discretion. *See id.* at 332–33.

The judgment is AFFIRMED.